**Opinion filed August 6, 2009**



In The

# Eleventh Court of Appeals

_____

## No. 11-08-00309-CV

_____

## IN THE INTEREST OF A.N. AND S.N., CHILDREN

_____

**On Appeal from the County Court At Law No. 2**

**Ector County, Texas**

**Trial Court Cause No. CC2-2720-PC**

_____

**M E M O R A N D U M   O P I N I O N**

Appellant is the mother of A.N. and S.N. After a bench trial, the trial court terminated the parent-child relationship between the children and appellant. The trial court appointed the Texas Department of Family and Protective Services as the permanent sole managing conservator of the children. We reverse and remand.[1]

The sole issue brought by appellant is her claim that the evidence is legally insufficient to support termination based on a finding under TEX. FAM. CODE ANN. § 161.001(l) (Vernon 2008).

_____

[1]J.N. III is the father of the children. His rights were not terminated. J.N. III was appointed a possessory conservator with restricted visitation and is not a party to this appeal.

The relevant facts are not in dispute. According to the father of the children, it seems that the events of the day began when he went to the plasma center to sell blood to buy beer and cigarettes. He bought the alcohol and gave some of it to appellant. He and appellant continued to drink, to party, and eventually to argue. Appellant became upset, and she drove away from the place where the party was being held. Five-year-old A.N. and three-year-old S.N. were in the vehicle with her, unrestrained in the backseat. Appellant was holding another child, an infant, in her lap as she drove away. The infant died when appellant drove her vehicle into a telephone pole. As a result of the crash, A.N. and S.N. received cuts and bruises "all over their bodies" and were admitted to the hospital for observation. Subsequently, appellant was convicted, upon her plea of guilty, of intoxication manslaughter and remained incarcerated at the time of the trial of this case.

The trial court found by clear and convincing evidence that termination of the parent-child relationship between appellant and A.N. and S.N. would be in the best interest of the children. That finding has not been challenged. The trial court also found that appellant had:

> [B]een convicted or has been placed on community supervision, including deferred adjudication community supervision, for being criminally responsible for the death or serious injury of a child under the following sections of the Penal Code or adjudicated under Title 3 for conduct that caused the death or serious injury of a child and that would constitute a violation of one of the following Penal Code sections:
>
> (i)    Section 19.02 (murder);
> (ii)   Section 19.03 (capital murder);
> (iii)  Section 19.04 (manslaughter);
> (iv)   Section 21.11 (indecency with a child);
> (v)    Section 22.01 (assault);
> (vi)   Section 22.011 (sexual assault);
> (vii)  Section 22.02 (aggravated assault);
> (viii) Section 22.021 (aggravated sexual assault);
> (ix)   Section 22.04 (injury to a child, elderly individual, or disabled individual);
> (x)    Section 22.041 (abandoning or endangering child);
> (xi)   Section 25.02 (prohibited sexual conduct);
> (xii)  Section 43.25 (sexual performance by a child);
> (xiii) Section 43.26 (possession or promotion of child pornography); and
> (xiv)  Section 21.02 (continuous sexual abuse of young child or children).

Appellant argues that the evidence is legally insufficient to support a termination of her rights under Section 161.001(l). Specifically, appellant's position is that, although she was convicted of intoxication manslaughter, intoxication manslaughter is not one of the offenses enumerated in Section 161.001(1).

Involuntary termination proceedings and statutes are strictly scrutinized in favor of the parent. *Holick v. Smith*, 685 S.W.2d 18, 20-21 (Tex. 1985). Due process requires that the grounds for termination be established by clear and convincing evidence. This requires the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established. TEX. FAM. CODE ANN. § 101.007 (Vernon 2008); *Transp. Ins. Co. v. Moriel*, 879 S.W.2d 10, 31 (Tex. 1994).

When conducting a legal sufficiency review, we review the entire record in the light most favorable to the finding and determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true. *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002). We must assume that the trial court resolved disputed facts in favor of its finding. *Phillips v. Tex. Dep't of Protective & Regulatory Servs.*, 149 S.W.3d 814, 817 (Tex. App.—Eastland 2004, no pet.). We must also disregard all evidence that a reasonable factfinder could have disbelieved or found incredible, but we cannot disregard undisputed facts. *In re J.F.C.*, 96 S.W.3d at 266.

Manslaughter, as defined in TEX. PENAL CODE ANN. § 19.04 (Vernon 2008), is one of the enumerated offenses upon which termination of the parent-child relationship might be based, either after conviction or after having been placed upon community supervision (including deferred adjudication community supervision). Appellant argues, however, that intoxication manslaughter is a separate offense from manslaughter and is not listed in Section 161.001(1) as providing a basis for termination.[2] Therefore, she says, because the trial court specifically terminated her rights under Section 161.001(1), the evidence is legally insufficient to support the termination.

---

[2] Prior to September 1, 1994, there was no offense called "intoxication" manslaughter. Before that time, former TEX. PENAL CODE § 19.05(a)(1974) provided that involuntary manslaughter could be committed in one of two ways: (1) by "recklessly caus[ing] the death of an individual" or (2) "by accident or mistake when operating a motor vehicle, airplane, helicopter, or boat while intoxicated and, by reason of such intoxication, caus[ing] the death of an individual." After September 1,1994, the second way to commit involuntary manslaughter under the old law became intoxication manslaughter under TEX. PENAL CODE ANN. § 49.08 (Vernon Supp. 2008). Before the effective date of Section 49.08, intoxication manslaughter was simply one alternate method of committing the offense of involuntary manslaughter under the former statute. *See Ex parte Roemer*, 215 S.W.3d 887 (Tex. Crim. App. 2007).

The Department responds to appellant's argument in two ways. First, it agrees with appellant that intoxication manslaughter "is not a specifically enumerated conviction" under Section 161.001(1). It also agrees that "[t]he first clause, which [appellant] argues that the Department does not meet, states that termination may be granted if a parent has actually been convicted of one of the foregoing [P]enal [C]ode offenses." However, the Department claims that proving a conviction for one of the enumerated offenses is not the only way that it can prove its case for termination; it can also prove its case under the statute if it can show under Section 161.001(l)(L) that a parent has been "adjudicated under Title 3 for conduct that caused the death or serious injury of a child and that would constitute a violation of one of the [enumerated statutes]."

The Department argues that "Title 3" as contained in Section 161.001(l) refers to Title 3 of the Texas Penal Code, the Penal Code section that refers to punishments. However, Section 311.006(1) of the Texas Code Construction Act provides that a reference to a title within a code, without further identification, refers to the code. Section 161.001(l) is within the Texas Family Code. There is no further identification of "Title 3" in Section 161.001(l). Therefore, Title 3 as mentioned in Section 161.001(l) is a reference to the Texas Family Code, not the Texas Penal Code. *See* TEX. GOV'T CODE ANN. § 311.006(1) (Vernon 2005).

Title 3 of the Texas Family Code contains the Juvenile Justice Code. Consistent with our holding that the reference to Title 3 in Section 161.001(l) is a reference to the Family Code, the word "adjudicate" is a term of art within Title 3 of the Texas Family Code. *See, e.g.*, TEX. FAM. CODE ANN. § 54.03 (Vernon 2008) (referring to an adjudication hearing at which a determination is made as to whether a child engaged in delinquent conduct or conduct indicating a need for supervision).

Also consistent with our holding is the statement in the Family Code that, with exceptions not here relevant, an order of adjudication is not a conviction of crime. TEX. FAM. CODE ANN. § 51.13 (Vernon 2008). Without the "adjudication" language in Section 161.001(l), it would not be possible to terminate the parental rights of a juvenile parent solely upon the grounds that she had committed one of the enumerated acts in Section 161.001(l) but was not convicted in the adult justice system but, rather, was adjudicated in the juvenile justice system.

4

We hold that the reference to Title 3 in Section 161.001(l) is a reference to that part of the Texas Family Code known as the Juvenile Justice Code. TEX. FAM. CODE ANN. §§ 51.01-61.107 (Vernon 2008).

While we express no opinion on whether there might have been other grounds upon which appellant's parental rights might have been terminated, the trial court was very specific that termination was based upon appellant's conviction for intoxication manslaughter. Intoxication manslaughter is covered by Section 49.08 of the Texas Penal Code and is not an enumerated offense in Section 161.001(l). The offense of manslaughter is covered by Section 19.04 of the Texas Penal Code and is an enumerated offense in Section 161.001(l) of the Texas Family Code. Section 161.001(1) is very specific, and in it, the legislature referred to specific sections of the Texas Penal Code. Perhaps the legislature would want to consider adding Section 49.08 of the Penal Code to the list contained in Section 161.001(l) of the Family Code. However, for now, appellant was never convicted of any of the enumerated offenses, nor had she been adjudicated under Title 3 of the Texas Family Code to have engaged in conduct that violated any of the specific Penal Code sections listed in Section 161.001(l). The evidence was legally insufficient to support a finding that she had. Appellant's sole issue on appeal is sustained.

Appellant has asked us to render judgment denying the petition for termination. We note that she has not challenged the trial court's finding and judgment that it would be in the best interest of the children if her parental rights were terminated. While we normally would render the judgment that the trial court should have rendered when we reverse a case on legal insufficiency grounds, we do have the authority to remand when it would be in the best interest of justice to do so. TEX. R. APP. P. 43.3; *In re N.A.F.*, 282 S.W.3d 113 (Tex. App.—Waco 2009, no pet.); *Williams v. Williams*, 150 S.W.3d 436 (Tex. App.—Austin 2004, pet. denied). Appellant has said that she was guilty of intoxication manslaughter because she was intoxicated when she drove her vehicle in such a manner as to cause the death of her infant son. She did not contest the finding that it would be in the best interest of the children to terminate her parental rights. The case before us is a case of first impression regarding the application of the offense of intoxication manslaughter in this context. The interests of justice are better served by a remand of this case in light of our holding in this opinion.

The judgment of the trial court is reversed, and we remand this case for another trial. There has been no complaint regarding the temporary orders that the trial court entered earlier, and those temporary orders remain in effect pending the new trial of this case.


JIM R. WRIGHT

CHIEF JUSTICE


August 6, 2009

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.